IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALTER WILLIAM BLANCK,

                Petitioner,

  v.

WILLIAM POLLARD,

                Respondent.

OPINION and ORDER

19-cv-177-jdp

---

Walter William Blanck, appearing pro se, is a prisoner at Green Bay Correctional Institution. Blanck brings a petition for writ of habeas corpus under 28 U.S.C. § 2254. He challenges his 2000 state-court conviction for false imprisonment, kidnapping, battery, and second-degree sexual assault.

The next step is for the court to conduct a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases. Under this rule, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In reviewing this pro se petition, I must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

I will dismiss the petition because my review shows that Blanck has already brought habeas petitions about this conviction. Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. A "second or successive" petition is one in which the prisoner is

challenging the same conviction that he challenged in a previous petition that was decided on the merits. *In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999). That standard is met in this case.

Blanck has filed at least three habeas petitions about his 2000 conviction in the United States District Court for the Eastern District of Wisconsin, all of which were dismissed. *See Blanck v. Waukesha Cty.*, No. 99-cv-260, 48 F. Supp. 2d 859 (E.D. Wis. 1999); *Blanck v. Bertrand*, No. 02-cv-290 (E.D. Wis. June 16, 2004); *Blanck v. Pollard*, No. 05-cv-1207 (E.D. Wis. Dec. 12, 2005).

Blanck calls this petition "the latest chapter" in the '290 case, Dkt. 1, at 1, but that is not how habeas petitions work. This is a brand-new petition that must comply with the habeas rules. If Blanck believes that he qualifies for an exception to the rule against filing successive petitions, he must seek permission to file his petition with the court of appeals. I have no authority to consider the petition until that court gives its approval. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the

2

parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Because reasonable jurists would not debate whether this petition qualifies as "second or successive," I will not issue Blanck a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

ORDER

IT IS ORDERED that:

1. The petition for writ of habeas corpus filed by Walter William Blanck, Dkt. 1, is DISMISSED for lack of authorization as a second or successive application.

2. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered April 17, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge